**David JONES and Connie Jones, Appellants,**

v.

**David BOSWELL, Appellee.**

No. 11–06–00143–CV.

Court of Appeals of Texas, Eastland.

Feb. 14, 2008.

---

Kathleen M. French Dow, Buenger & Associates, Waco, for appellants.

John Saringer, Eastland Office, Wagstaff, Alvis, Stubbeman, Seamster & Longacre, Eastland, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

This is a suit alleging trespass to chattel. David Jones and Connie Jones sued David Boswell claiming that he wrongfully deprived them of possession of their Caterpillar bulldozer. The jury found that Boswell did not commit a trespass, and the trial court entered a take-nothing judgment. Because Boswell did not have a valid possessory lien, we reverse.

### I. *Background Facts*

Chris and James Lloyd contracted with Boswell to purchase sand. The Lloyds needed a bulldozer to pile the sand, and they called Morris Jones. Morris worked

as a dozer operator for David and Connie. Morris was committed elsewhere, and so without the Joneses' knowledge, he rented their dozer to Chris who then hired James W. Francis. While Francis was operating the dozer, the ground beneath him gave way, and the dozer went into a cattle tank.

Chris called Morris, told him what had happened to the dozer, and said that he would take care of fixing it. Chris then asked Boswell—who had previously owned a repair shop—to repair the dozer. Chris also asked Boswell to find someone who could pull the dozer out of the tank. Boswell found a wrecker service willing to retrieve the dozer, and Chris authorized him to retain them. The dozer was pulled out of the tank, and Boswell repaired it. Chris provided the parts Boswell needed, but he did not pay Boswell for his services or reimburse him for the wrecker charges.

After the dozer fell into the tank, David and Connie learned that Morris had rented it. Connie contacted Boswell. There was some dispute about the substance of their conversation, but both agreed that she did not authorize any repair work or wrecker charges and that Boswell refused to release the dozer until the Joneses paid his bill. Boswell also refused to release the dozer when he was subsequently contacted by the sheriff's office. The trial court ultimately entered a temporary restraining order that required Boswell to release the dozer to the sheriff's office for delivery to the Joneses.

During the charge conference, the trial court ruled that, as a matter of law, Chris was not acting as the Joneses' agent when he authorized Boswell to tow and repair the dozer. The jury found that Boswell did not commit a trespass to the Joneses' personal property, and the trial court entered a take-nothing judgment in Boswell's favor.

## II. *Issues*

The Joneses challenge the trial court's judgment with six issues. They contend in their first four issues that the evidence is legally insufficient and in their last two that it is factually insufficient.

## III. *Standard of Review*

When a party attacks the legal sufficiency of adverse findings on issues on which it has the burden of proof, it must demonstrate that the evidence establishes, as a matter of law, all vital facts in support of those issues. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex.2001); *McMillan v. Dooley*, 144 S.W.3d 159, 170 (Tex.App.-Eastland 2004, pet. denied). We first examine the record for evidence that supports the jury's finding while ignoring all evidence to the contrary. If there is no evidence to support the jury's answer, the entire record must be examined to see if the contrary proposition is established as a matter of law. *Dow Chem.*, 46 S.W.3d at 241. The issue should be sustained only if the contrary proposition is conclusively established. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983).

We review the denial of a motion for judgment n.o.v. under a legal sufficiency standard. *Whitney Nat'l Bank v. Baker*, 122 S.W.3d 204, 207 (Tex.App.-Houston [1st Dist.] 2003, no pet.). This requires that we review the record to determine whether the issue was disputed or was conclusively established by the evidence. *See T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222–23 (Tex.1992) (only disputed issues must be submitted to the jury).

When a party attacks the factual sufficiency of an adverse finding on an issue on which it has the burden of proof, it must demonstrate that the adverse finding is against the great weight and preponder-

ance of the evidence. *Dow Chem.*, 46 S.W.3d at 242; *Croucher,* 660 S.W.2d at 58. The court of appeals must consider and weigh all of the evidence. We can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem.*, 46 S.W.3d at 242; *Chase Manhattan Mortgage Corp. v. Cook,* 141 S.W.3d 709, 715 (Tex.App.-Eastland, 2004, no pet.).

## IV. *Discussion*

### A. *Did Boswell Commit a Trespass as a Matter of Law?*

 Trespass to chattel is the wrongful interference with the use or possession of another's property. *Omnibus Int'l, Inc. v. AT & T, Inc.,* 111 S.W.3d 818, 826 (Tex.App.-Dallas 2003, pet. dism'd). The distinction between trespass and conversion is that conversion requires the actor to pay the full value of the thing with which he has interfered. *Id.* (citing W. PAGE KEETON ET AL, PROSSER AND KEETON ON THE LAW OF TORTS § 14, at 85–86 (5th ed.1984)). A trespass occurs not only when a party wrongfully acquires possession of another's property but also when he wrongfully retains possession. *See Zapata v. Ford Motor Credit Co.,* 615 S.W.2d 198, 201 (Tex.1981) (a detention of personalty lawfully obtained, after demand, is a wrongful act constituting a trespass). The commission of a trespass does not necessarily mean that the actor is liable for damages. Liability does not attach unless the wrongful detention is accompanied by actual damage to the property or deprives the owner of its use for a substantial period of time. *Id.; Lyle v. Waddle,* 144 Tex. 90, 188 S.W.2d 770 (1945).

Because it is undisputed that Boswell had possession of the dozer and refused to release it until his bill was paid, the seminal question is did Boswell have a possessory lien? Texas law provides a worker who repairs a vehicle a possessory lien to secure payment. *See* TEX. PROP.CODE ANN. § 70.001(a) (Vernon 2007); *see also* TEX. CONST. art. XVI, § 37 ("Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor."). Texas law also provides a possessory lien to garagemen who care for a vehicle. TEX. PROP.CODE ANN. § 70.003 (Vernon 2007). This lien includes the reasonable charges for towing the vehicle to the garageman's place of business. *Id.*

 Unquestionably, Boswell paid for towing the dozer out of the tank, and he performed repair services on it. This would suggest that a valid possessory lien existed, but Texas courts have consistently held that, before a statutory or constitutional lien can be created to secure payment for repairs, the owner must consent to the repair. *See Astraea Aviation Servs., Inc. v. Nations Air Inc.,* 172 F.3d 390, 393–94 (5th Cir.1999).[1] Boswell testified that Chris authorized him to hire a wrecker and repair the dozer. But, he agreed that neither Morris nor the Joneses authorized any charges. The trial court found that as a matter of law there was no agency relationship between Chris and the Joneses. Boswell does not challenge that finding. Consequently, because there was no evidence that the Joneses

---

1. *See also Drake Ins. Co. v. King,* 606 S.W.2d 812, 818 (Tex.1980); *Hydra–Rig, Inc. v. ETF Corp.,* 707 S.W.2d 288, 290 (Tex.App.-Fort Worth 1986, writ ref'd n.r.e.); *Sw. Inv. Co. v. Gilbreath,* 380 S.W.2d 196, 197 (Tex.Civ.App.-Amarillo 1964, no writ); *Sumrall v. Russell,* 255 S.W. 239, 240 (Tex.Civ.App.-El Paso 1923, writ dism'd w.o.j.).

authorized Boswell to hire a wrecker or repair the dozer, he had no right to refuse to release the dozer to them, and he committed a trespass as a matter of law.

### B. Can the Joneses Assert a Trespass Claim?

■ Unlike trespass to real property, a trespass to personal property cause of action does not entitle the claimant to presumed damages. *See Gen. Mills Rests., Inc. v. Tex. Wings, Inc.,* 12 S.W.3d 827, 833 (Tex.App.-Dallas 2000, no pet.) (trespass-to-real-property claimant is entitled to nominal damages in the absence of actual injury). To establish Boswell's liability, the Joneses were also required to prove either actual damage to the dozer or that they were deprived of its use for a substantial period of time. *Zapata,* 615 S.W.2d at 201. The Joneses do not contend that Boswell damaged their dozer. Their claim is that he wrongfully retained possession of the dozer for a substantial period of time.

■ Boswell argues that the Joneses were not deprived of the dozer because Connie testified that they cancelled their lease and that she did not believe that they had any further responsibility for it. We disagree. The Joneses could assert a trespass action even though they believed their lease was cancelled because they were only required to establish a right to immediate possession. *See Crutcher v. Cont'l Nat'l Bank,* 884 S.W.2d 884, 888 (Tex.App.-El Paso 1994, writ denied) (either ownership, possession, or the right of immediate possession is required for a conversion action). The right to immediate possession does not require proof of title. *Tex. Diamond Int'l, Inc. v. Tiffany & Co.,* 47 S.W.3d 589, 591 (Tex.App.-San Antonio 2001, pet. denied); *see also Guinn v. Lokey,* 151 Tex. 260, 249 S.W.2d 185, 186 (1952) (plaintiff must establish some interest in the property as of the time of the alleged conversion such as title or otherwise some right to possession).

The dozer fell into the tank in late August. It was repaired in late August or early September. Boswell's invoice was dated August 28, but he testified that Chris furnished him the necessary parts after September 4. Boswell stated that Connie first contacted him after he had repaired the dozer. She testified that this conversation occurred before September 8. In any event, Boswell did not release the dozer to the Joneses until the following January.

Neither party has cited and in our research we have been unable to locate any case discussing what constitutes a substantial period of time. Such an inquiry is by definition a fact-driven process. That is particularly true in this case. The Joneses were leasing the dozer on a lease-purchase agreement from Warren Caterpillar. After learning that their dozer had fallen into a tank and needed to be returned to Warren for repair, they cancelled the lease. Warren continued billing the Joneses for monthly lease payments at least through January, and it filed suit against the Joneses when they failed to pay. That suit was unresolved at the time of trial.

Consequently, the record does not fully quantify the Joneses' rights to the dozer, but as a matter of law, they always had a right of immediate possession. This right was confirmed by the trial court's temporary restraining order that required Boswell to release the dozer to the sheriff's office for delivery to the Joneses. Because Boswell has not challenged this order, that finding is binding now. Furthermore, Warren billed the Joneses for the dozer through January. Because Warren continued to bill them, the Joneses had the right to regain possession of the dozer so that it could be returned to Warren even though

they were contending that the lease was cancelled in September. Because they had a right of immediate possession, the Joneses could assert a trespass claim.

*C. Did Boswell Deprive the Joneses of the Dozer for a Substantial Period of Time?*

 Boswell retained the dozer for approximately four months. We cannot say as a matter of law that this is or is not a substantial period of time, particularly because the litigation between the Joneses and Warren was unresolved when this case was tried. The resolution of that litigation could well inform the jury's determination of this issue. For example, the jury could reasonably consider whether Boswell's trespass caused the Joneses to incur liability for lease charges that they otherwise would not have owed and, if so, the amount of those charges.

Boswell's argument that the Joneses cannot claim loss-of-use damages while simultaneously arguing that they had cancelled their lease does have merit. We note that the Joneses introduced evidence that Boswell's retention of the dozer caused them to lose gross revenues of approximately $123,000. That measure of damage is fundamentally inconsistent with the claim that they cancelled their lease and were prevented from returning the dozer to Warren. Either the Joneses were prevented from returning the dozer or they were prevented from using the dozer but not both.

Boswell committed a trespass as a matter of law. The trial court erred when it submitted this issue to the jury and when it denied that portion of the Joneses' motion for judgment n.o.v. Boswell's liability, however, was not established as a matter of law and the trial court correctly denied the remainder of the Joneses' motion for judgment n.o.v. We sustain the fourth issue in part. Our holding makes it unnecessary to address their remaining issues. TEX.R.APP. P. 47.1.

## V. *Holding*

The judgment of the trial court is reversed. Judgment is rendered that Boswell committed a trespass, and this case is remanded for a new trial on Boswell's liability and the Joneses' damages, if any.