Opinion filed February 26, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed February 26,
2009

 

 

 

 

 

                                                                                                                 
In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-07-00268-CV 

                                                     __________

 

        ALLSTAR
REFINISHING & COLLISION CENTER, INC., Appellant

 

                                                             V.

 

                                          PAULA
ROSAS, Appellee

 

 



 

                                        On
Appeal from the County Court at Law

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CC12954

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








This
appeal arises from a suit for conversion.  Paula Rosas contracted with Allstar 
Refinishing & Collision Center, Inc.[1]
(Allstar) to repair her vehicle after it sustained damage in a collision. 
Rosas alleged in the suit that Allstar failed to return the vehicle to her
after she tendered payment to Allstar for the full cost of repair.  The trial
court granted Rosas=s
motion for summary judgment.  Allstar attacks the summary judgment in two
issues.  We affirm.

                                                               Background
Facts

Rosas
alleged as follows in an affidavit attached to her motion for summary judgment:

I
took my 2000 Honda Accord to Allstar Refinishing & Collision Center, Inc.
for repairs.  The agreed upon fee for such repair was $2,836.76.  Allstar
Refinishing & Collision Center, Inc. received a check in the amount of
$2,336.76 from my insurance company and it was negotiated.  That left a balance
of $500.  On September 29, 2005, my husband and myself took a money order in
the amount of $500 to Allstar Refinishing & Collision Center, Inc. with the
hopes of my vehicle being released.  However, Allstar Refinishing & Collision
Center, Inc. didn=t
release the vehicle to us.  In fact, we didn=t
obtain our vehicle until December 2, 2005.  

 

In response to
the motion for summary judgment, Allstar alleged that Rosas rented a car from
Allstar to drive while her vehicle was being repaired and that the rented
vehicle sustained damages while being rented by Rosas.  Allstar applied Rosas=s payment of $500 to the
costs it alleged was owed for the rental vehicle.

Allstar
asserts that it had a right to retain possession of the vehicle under Tex. Prop. Code Ann. ' 70.001 (Vernon 2007) until
Rosas paid all amounts that she owed Allstar, including the expenses for the
rental vehicle that Allstar claimed.  Allstar additionally contends that a fact
question exists with respect to Allstar=s
act of crediting Rosas=s
$500 payment to the rental car bill rather than to the repair bill for Rosas=s car.  The trial court
disagreed with Allstar=s
contentions by granting summary judgment in favor of Rosas in the amount of
$4,075.  

                                                              Standard
of Review








A
trial court must grant a traditional motion for summary judgment if the moving
party establishes that no genuine issue of material fact exists and that the
movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471 (Tex. 1991). Once the movant establishes a right to summary
judgment, the nonmovant must come forward with evidence or law that precludes
summary judgment. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678‑79 (Tex. 1979). When reviewing a traditional summary judgment,
the appellate court considers all the evidence and takes as true evidence
favorable to the nonmovant.  Am. Tobacco Co. v. Grinnell, 951 S.W.2d
420, 425 (Tex. 1997).  The appellate court Amust
consider whether reasonable and fair‑minded jurors could differ in their
conclusions in light of all of the evidence presented@ and may not ignore Aundisputed evidence in the record that cannot
be disregarded.@ Goodyear
Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755, 757 (Tex. 2007).

                                                                        Analysis

The
facts in this appeal are not in dispute.  Conversion is the unauthorized and
wrongful assumption and exercise of dominion and control over the personal
property of another to the exclusion of, or inconsistent with, the owner=s rights. Waisath v.
Lack=s Stores,
Inc., 474 S.W.2d 444, 447 (Tex. 1971). Allstar alleges in its second issue
that Section 70.001 permitted it to retain Rosas=s
vehicle until she paid both the repair bill for her vehicle and the expenses
assessed for the rental car in full.  In this regard, Allstar asks us to
construe the statute.  Statutory construction is a legal question we review de
novo. See State ex rel. State Dep=t
of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex.
2002).  In construing statutes, we ascertain and give effect to the legislature=s intent as expressed by
the language of the statute. See State v. Shumake, 199 S.W.3d 279, 284
(Tex. 2006). When a statute=s
language is clear and unambiguous, it is inappropriate to resort to rules of
construction or extrinsic aids to construe the language.  See Saint Luke=s Episcopal Hosp. v. Agbor,
952 S.W.2d 503, 505 (Tex. 1997); Ex parte Roloff, 510 S.W.2d 913, 915
(Tex. 1974).

Section
70.001 provides a worker who repairs a vehicle with a possessory lien to secure
payment.  Jones v. Boswell, 250 S.W.3d 140, 143 (Tex. App.CEastland 2008, no pet.). 
The statute provides in relevant part as follows:

(a)
A worker in this state who by labor repairs an article, including a vehicle,
motorboat, vessel, or outboard motor, may retain possession of the article
until:

 

(1)
the amount due under the contract for the repairs is paid; or

 

(2)
if no amount is specified by contract, the reasonable and usual compensation is
paid.

 








Subsection
(a)(1) is the applicable provision of the statute because Allstar specified the
amount due for the repairs to be made to Rosas=s
vehicle.  This provision states that the worker may retain possession of the
article Auntil the
amount due under the contract for the repairs is paid@ (emphasis added).  The
expenses claimed by Allstar for the costs of the rental vehicle, including
costs for damages allegedly occurring to the rental vehicle, do not constitute
costs Afor the repairs@ of the vehicle that is the
subject of the statutory lien.   Accordingly, we disagree with Allstar=s construction of the
statute.   Allstar=s
second issue is overruled.

In
its first issue, Allstar contends that a fact question exists regarding the
manner in which  it credited Rosas=s
payment of $500.  Allstar asserts that the payment was properly attributable to
the rental car bill because Allstar=s
representative made a notation to that effect on the receipt it provided to
Rosas for the payment.  We disagree.  Allstar premises its contention on the
assumption that it possessed the unilateral right to credit Rosas=s payment to the rental car
bill rather than to the repair bill for Rosas=s
vehicle.  This is not correct.  AIt
is the settled rule of law in this state that a debtor may direct the
application of any payment made by him to any one or more of plural debts owing
by him, and the creditor has no option but to make application of the payment
as directed.@  Gourley
v. Iverson Tool Co., 186 S.W.2d 726, 731 (Tex. Civ. App.CFort Worth 1945, writ ref=d w.o.m.).  Rosas possessed
the right to determine the particular debt she owed to Allstar that would be
credited with the $500 payment.   Thus, Allstar=s
contrary application of the payment to the rental car expense is of no effect.

Allstar
additionally asserts that a fact issue exists regarding Rosas=s duty to mitigate her
damages.  The mitigation‑of‑damages doctrine is an affirmative
defense that requires an injured party, following a breach, to exercise
reasonable care to minimize his damages if it can be done with slight expense
and reasonable effort. Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No.
1, 908 S.W.2d 415, 426 (Tex. 1995).   While Allstar alleged a failure to
mitigate damages in its response to the motion for summary judgment, it did not
submit any summary judgment evidence in support of the defense.[2] 
If the party opposing a summary judgment relies on an affirmative defense, he
must come forward with summary judgment proof sufficient to raise an issue of
fact on each element of the defense to avoid summary judgment. Brownlee v.
Brownlee, 665 S.W.2d 111, 112 (Tex. 1984).  In the absence of summary
judgment evidence on mitigation, Allstar did not raise a fact question on the
issue.  Allstar=s
first issue is overruled.   








                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

February 26,
2009

Panel consists of: Wright, C.J., 

McCall, J., and Strange, J.









[1]Despite Allen Frazier=s
name on the notice of appeal, he was never a party to the proceedings in the
trial court.





[2]We additionally note that Allstar did not plead
mitigation of damages as an affirmative defense in its pleadings.