**Opinion filed February 26, 2009**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-07-00268-CV

_____

### ALLSTAR REFINISHING & COLLISION CENTER, INC., Appellant

### V.

### PAULA ROSAS, Appellee

**On Appeal from the County Court at Law**

**Midland County, Texas**

**Trial Court Cause No. CC12954**

### M E M O R A N D U M   O P I N I O N

This appeal arises from a suit for conversion. Paula Rosas contracted with Allstar Refinishing & Collision Center, Inc.[1] (Allstar) to repair her vehicle after it sustained damage in a collision. Rosas alleged in the suit that Allstar failed to return the vehicle to her after she tendered

---

[1]Despite Allen Frazier's name on the notice of appeal, he was never a party to the proceedings in the trial court.

payment to Allstar for the full cost of repair. The trial court granted Rosas's motion for summary judgment. Allstar attacks the summary judgment in two issues. We affirm.

*Background Facts*

Rosas alleged as follows in an affidavit attached to her motion for summary judgment:

> I took my 2000 Honda Accord to Allstar Refinishing & Collision Center, Inc. for repairs. The agreed upon fee for such repair was $2,836.76. Allstar Refinishing & Collision Center, Inc. received a check in the amount of $2,336.76 from my insurance company and it was negotiated. That left a balance of $500. On September 29, 2005, my husband and myself took a money order in the amount of $500 to Allstar Refinishing & Collision Center, Inc. with the hopes of my vehicle being released. However, Allstar Refinishing & Collision Center, Inc. didn't release the vehicle to us. In fact, we didn't obtain our vehicle until December 2, 2005.

In response to the motion for summary judgment, Allstar alleged that Rosas rented a car from Allstar to drive while her vehicle was being repaired and that the rented vehicle sustained damages while being rented by Rosas. Allstar applied Rosas's payment of $500 to the costs it alleged was owed for the rental vehicle.

Allstar asserts that it had a right to retain possession of the vehicle under TEX. PROP. CODE ANN. § 70.001 (Vernon 2007) until Rosas paid all amounts that she owed Allstar, including the expenses for the rental vehicle that Allstar claimed. Allstar additionally contends that a fact question exists with respect to Allstar's act of crediting Rosas's $500 payment to the rental car bill rather than to the repair bill for Rosas's car. The trial court disagreed with Allstar's contentions by granting summary judgment in favor of Rosas in the amount of $4,075.

*Standard of Review*

A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Once the movant establishes a right to summary judgment, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). When reviewing a traditional summary judgment, the appellate court considers all the evidence and takes as true evidence favorable to the nonmovant. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). The appellate court "must consider whether

2

reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented" and may not ignore "undisputed evidence in the record that cannot be disregarded." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755, 757 (Tex. 2007).

*Analysis*

The facts in this appeal are not in dispute. Conversion is the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971). Allstar alleges in its second issue that Section 70.001 permitted it to retain Rosas's vehicle until she paid both the repair bill for her vehicle and the expenses assessed for the rental car in full. In this regard, Allstar asks us to construe the statute. Statutory construction is a legal question we review de novo. *See State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). In construing statutes, we ascertain and give effect to the legislature's intent as expressed by the language of the statute. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). When a statute's language is clear and unambiguous, it is inappropriate to resort to rules of construction or extrinsic aids to construe the language. *See Saint Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997); *Ex parte Roloff*, 510 S.W.2d 913, 915 (Tex. 1974).

Section 70.001 provides a worker who repairs a vehicle with a possessory lien to secure payment. *Jones v. Boswell*, 250 S.W.3d 140, 143 (Tex. App.—Eastland 2008, no pet.). The statute provides in relevant part as follows:

> (a) A worker in this state who by labor repairs an article, including a vehicle, motorboat, vessel, or outboard motor, may retain possession of the article until:
>
> > (1) the amount due under the contract for the repairs is paid; or
> >
> > (2) if no amount is specified by contract, the reasonable and usual compensation is paid.

Subsection (a)(1) is the applicable provision of the statute because Allstar specified the amount due for the repairs to be made to Rosas's vehicle. This provision states that the worker may retain possession of the article "until the amount due under the contract *for the repairs* is paid" (emphasis

added).  The expenses claimed by Allstar for the costs of the rental vehicle, including costs for damages allegedly occurring to the rental vehicle, do not constitute costs "for the repairs" of the vehicle that is the subject of the statutory lien.  Accordingly, we disagree with Allstar's construction of the statute.  Allstar's second issue is overruled.

In its first issue, Allstar contends that a fact question exists regarding the manner in which it credited Rosas's payment of $500.  Allstar asserts that the payment was properly attributable to the rental car bill because Allstar's representative made a notation to that effect on the receipt it provided to Rosas for the payment. We disagree.  Allstar premises its contention on the assumption that it possessed the unilateral right to credit Rosas's payment to the rental car bill rather than to the repair bill for Rosas's vehicle.  This is not correct.  "It is the settled rule of law in this state that a debtor may direct the application of any payment made by him to any one or more of plural debts owing by him, and the creditor has no option but to make application of the payment as directed." *Gourley v. Iverson Tool Co.*, 186 S.W.2d 726, 731 (Tex. Civ. App.—Fort Worth 1945, writ ref'd w.o.m.).  Rosas possessed the right to determine the particular debt she owed to Allstar that would be credited with the $500 payment.  Thus, Allstar's contrary application of the payment to the rental car expense is of no effect.

Allstar additionally asserts that a fact issue exists regarding Rosas's duty to mitigate her damages.  The mitigation-of-damages doctrine is an affirmative defense that requires an injured party, following a breach, to exercise reasonable care to minimize his damages if it can be done with slight expense and reasonable effort. *Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415, 426 (Tex. 1995).   While Allstar alleged a failure to mitigate damages in its response to the motion for summary judgment, it did not submit any summary judgment evidence in support of the defense.[2]  If the party opposing a summary judgment relies on an affirmative defense, he must come forward with summary judgment proof sufficient to raise an issue of fact on each element of the defense to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). In the absence of summary judgment evidence on mitigation, Allstar did not raise a fact question on the issue.  Allstar's first issue is overruled.

_____

[2]We additionally note that Allstar did not plead mitigation of damages as an affirmative defense in its pleadings.

4

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

February 26, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.