

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00305-CV

**BRUCE G. GAYLOR AND MARTHA
BAKER SMITH,**

                                                     **Appellants**

 **v.**

**OLA MAE BAKER STIVER AND
DAVID WITCHER STIVER,**

                                                     **Appellees**

_____

### From the 278th District Court
### Madison County, Texas
### Trial Court No. 09-11925-278-10

---

## MEMORANDUM OPINION

---

Bruce Gaylor and Martha Baker Smith appeal from a judgment rendered against them that denied their claims against Ola Mae and David Stiver for an easement by estoppel, trespass, declaratory judgment, and injunctive relief, and that granted a declaratory judgment in favor of the Stivers. Gaylor and Smith complain that the trial court erred by: (1) finding that there was not an easement by estoppel, (2) finding that

cattle guards, fences, and road materials in the easement were owned by the Stivers, (3) denying their claims for trespass, (4) granting a declaratory judgment in favor of the Stivers and denying Gaylor and Smith's request for a declaratory judgment, (5) awarding attorney's fees to the Stivers, and (6) denying their request for injunctive relief. Because we find no reversible error, we affirm the judgment of the trial court.

*Background*

In 1978, J.A. Baker and Willie Lee Baker, parents of Martha Baker Smith and Ola Mae Baker Stiver, deeded a portion of their real estate to Gaylor and Smith, who were then married. Gaylor and Smith built a house which was painted blue on their property. At the same time as the property transfer, the Bakers also deeded a right of way easement to Gaylor and Smith. The written easement included an area where there was an existing road and was thirty feet wide and extended from a farm-to-market road to the blue house. At the entrance to the easement, a fifteen foot wide cattle guard had previously been placed in the center of the easement with bars measuring three feet each placed on either side of the cattle guard. The road was also used by Baker for his farming and ranching operations. Shortly after the conveyance of the easement, a board fence was erected at the entrance of the easement that extended approximately ten feet past either side of the written easement. The fence was painted the same color of blue as Gaylor and Smith's house. The evidence was disputed as to whether it was J.A.

Baker or Gaylor who built the fence, but the trial court's findings of fact include a finding that Baker built the fence.

In 1983, the Bakers deeded a parcel of land to the Stivers, which included the land subject to the easement. The Stivers used the property in part to raise cattle. In either 2005 or 2008, the Stivers removed the remains of the blue board fence and replaced it because it had fallen into disrepair and could not contain their cattle. The trial court found that the fence removal and replacement happened in 2005.

In 2008, Gaylor and Smith's son, Jim, contacted the Stivers to inform them that he was having materials delivered to reconstruct the blue fence as it had been prior to its removal. The Stivers refused to allow the construction of the fence and this litigation ensued. After a bench trial, the trial court determined that there was not an easement by estoppel created, granted the Stivers' request for a declaratory judgment that the easement was for purposes of ingress and egress only and that the road materials were owned by the Stivers, awarded attorney's fees to the Stivers, and denied all of Gaylor and Smith's claims. The trial court entered findings of fact and conclusions of law.

*The Right of Way Easement*

The deed in question was entitled "RIGHT OF WAY EASEMENT" and stated that the Bakers were granting "a right of way easement for the purpose of ingress and egress, the free and uninterrupted use, liberty and easement of passing in and along a certain passageway or road across the said premises…" The easement further stated

that "no fences, buildings, or other improvements shall be placed in, on or upon said easement…" The easement went on to say that the easement was "for the purpose of ingress and egress, together with all the rights and appurtenances thereto in anywise belonging to [Gaylor and Smith]." Additionally, the easement stated again that Gaylor and Smith "shall not fence said easement or any part thereof without express consent" of the Bakers or their assigns. The easement concludes by reiterating that "this easement is for the purpose of granting a perpetual right to the use of the passageway or road and the right of ingress and egress thereon by the owners of any property lawfully connected thereto … and to provide for access to said property for any purpose" by Gaylor and Smith and that Gaylor and Smith did not have "any obligation to maintain the road existing or constructed thereon."

## Easement by Estoppel

In their first issue, Gaylor and Smith complain that the trial court erred by denying their claim that an easement by estoppel had been created when the blue fence was constructed. Gaylor and Smith challenge the sufficiency of the evidence surrounding the trial court's findings that the blue fence was constructed by Baker and that Baker did not intend that Gaylor and Smith would maintain the size and design of the blue fence built at the entrance of the easement. Gaylor and Smith argue that the evidence showed that it was Gaylor who built the fence with Baker's consent and assistance and that Baker's actions "by word and deed" showed that Baker intended for

the entranceway to be included in the easement even though its width exceeded the size of the written easement.

### *Standard of Review*

Findings of fact entered in a case tried to the court have the same force and dignity as a jury verdict. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). We thus review findings of fact by the same standards that are applied in reviewing the legal and factual sufficiency of the evidence supporting a jury's answer to a jury question. *Id*.

When the party who had the burden of proof at trial complains of the legal insufficiency of an adverse finding, that party must demonstrate the evidence conclusively establishes all vital facts in support of the finding sought. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). A reviewing court must examine the record for evidence supporting the adverse finding, ignoring all evidence to the contrary. *Id*. If more than a scintilla of evidence supports the adverse finding, the issue is overruled. *Id*. If there is no evidence to support the adverse finding, the entire record must be examined to determine whether the contrary proposition is established as a matter of law. *Id*. The issue is sustained only if the contrary proposition is conclusively established. *Id*. The ultimate test for legal sufficiency is whether the evidence would enable a reasonable and fair-minded fact finder to reach the verdict under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

When a party attacks the factual sufficiency of an adverse finding on an issue on which it had the burden of proof, the party must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem.*, 46 S.W.3d at 242. A reviewing court considers all the evidence and will set aside the judgment only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). Under either standard of review, the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986); *see also City of Keller*, 168 S.W.3d at 819.

An easement confers upon one person the valuable right to use the land of another for a specific purpose. *Hubert v. Davis*, 170 S.W.3d 706, 710 (Tex. App.—Tyler 2005, no pet.). Since an easement is an interest in land, the grant of an easement should be drawn and executed with the same formalities as a deed to real estate. *Id*. The doctrine of equitable estoppel, or easement by estoppel, provides an exception to prevent injustice and protect innocent parties from fraud. *Allen v. Allen*, 280 S.W.3d 366, 381 (Tex. App.—Amarillo 2008, pet. denied).

"The doctrine of easement by estoppel holds that the owner of the alleged servient estate may be estopped to deny the existence of an easement by making representations that have been acted upon by the holder of the alleged dominant estate." *Ingham v. O'Block*, 351 S.W.3d 96, 100 (Tex. App.—San Antonio 2011, pet.

denied) (*quoting Holden v. Weidenfeller*, 929 S.W.2d 124, 131 (Tex. App.—San Antonio 1996, writ denied)). Three elements are necessary to the creation of an easement by estoppel: (1) a representation communicated, either by word or action, to the promisee; (2) the communication was believed; and (3) the promisee relied on the communication. *Id.*

The essence of the doctrine of easement by estoppel is that the owner of a servient estate may be estopped to deny the existence of an easement by making representations that are acted on by the owner of the dominant estate. *Allen*, 280 S.W.3d at 381 (*citing Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 209 (Tex. 1962)). The gravity of a judicial means of acquiring an interest in land of another solely by parol evidence requires that equitable estoppel be strictly applied. *Martin v. Cockrell*, 335 S.W.3d 229, 237 (Tex. App.—Amarillo 2010, no pet.). The estoppel should be certain, precise, and clear. *Id.*

### *Relevant Facts—Easement*

Gaylor testified that he built the blue fence at the entrance to the easement in order to create, in essence, a pathway to direct people to the blue house. Other similar board fences had been built along the road where cattle guards were installed. The cattle guards and fences were all painted the same color of blue as the house. Gaylor stated that Baker expressly consented to the construction of the fence and that he assisted in building it. Boards left over from a gazebo that Gaylor and Baker had

constructed near the blue house were used to construct the fence at the entrance to the easement.

At trial, Smith testified that Gaylor participated in the building of the fence, but that Baker was the better carpenter so he did most of the work and instructed his employees as to what to do. The fence was constructed and painted blue with Baker's permission and approval. In her deposition, Smith had stated that Baker built the fence with the help of his employees and that Gaylor was rarely there.

Ola Stiver testified that the fence was constructed to designate the entrance to the blue house for a big grand opening of the house. Smith had contacted Ola Stiver in 2005 when the fence was removed to tell her that Jim was upset that the entrance had been replaced. Stiver stated that Smith did not claim ownership of the fence but that her son was upset because Baker had built the fence to designate the blue house entrance.

David Stiver testified that the fence at the entrance to the easement had fallen into disrepair and that he had repaired it many times over the years. He testified that neither Gaylor nor Jim had made repairs to the fence. However, by 2005, the fence could no longer be repaired because the wood was so rotted that it would no longer hold nails. Stivers had cattle feeding on the property and needed a fence that would hold the cattle in, so in 2005 he hired a person named Bullard to replace the fence.

Bullard removed the blue boards and stacked them up, where after some time they were eventually burned. The new fence constructed by Bullard was not painted blue.

*Analysis*

The trial court was called upon to determine which recitation of the events was true, and did so by finding that Baker built the fence and did not intend that Gaylor and Smith would determine or be responsible for the maintenance or size of the fence. There is conflicting evidence regarding the requirements to establish an easement by estoppel, and the trial court resolved those conflicts in favor of the Stivers.

Our review of the record shows that because there was more than a scintilla of evidence to support the trial court's fact finding, the evidence was legally sufficient for the trial court's determination regarding who built the fence. Further, we cannot say that the evidence supporting the trial court's finding is so weak or so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Dow Chem.*, 46 S.W.3d at 242. Further, based on the record before us, we find that Gaylor and Smith have failed to prove an easement by estoppel as a matter of law. Likewise, we cannot say that the trial court's failure to find an easement by estoppel is so weak or so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Dow Chem.*, 46 S.W.3d at 242. Accordingly, we overrule issue one.

*Ownership of the Cattle Guards, Fences, and Road Material*

In their second issue, Gaylor and Smith complain of the trial court's ruling that the cattle guards, fences, and road material located in the written easement were conveyed to the Stivers by the Bakers and were therefore owned by the Stivers. As a preliminary matter, Gaylor and Smith argue that the issue of the ownership of the cattle guards, fences, and road material was not included in the Stivers' pleadings and was not tried by consent. However, Gaylor and Smith were pursuing claims against the Stivers for trespass to real property and chattels. Each of those causes of action includes an element regarding ownership of the property, whether the property is real or personal. *See Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex. App.—Fort Worth 2006, pet. denied) (trespass to real property); *Jones v. Boswell*, 250 S.W.3d 140, 143 (Tex. App.—Eastland 2008, no pet.) (trespass to chattels). Additionally, the Stivers requested a declaratory judgment construing the written deed "to confirm the nature and extent of the easement," which could be construed to include whether the cattle guards, fences, and road material were included and to what extent, if any. The trial court announced its intent to determine ownership of the cattle guards, fences, and road materials during the trial. We do not find that the trial court's determination of ownership was erroneous because it was not included in pleadings or tried by consent.

*Relevant Facts—Ownership*

Gaylor testified that he installed all but two of the cattle guards within the easement, and that they were all painted blue to further direct traffic to the blue house. One of the two cattle guards that he did not install was the cattle guard at the entrance to the easement, which had been installed by an oil company prior to the execution of the written easement. Jim Gaylor testified that the cattle guards were originally painted blue but over time became blue and black, with the paint having been chipped away. Jim did not recall how long it had been that the cattle guards were in this condition, but also testified that he had often painted the cattle guards with blue paint he had purchased. Jim testified that he had painted the cattle guards as recently as six months before the trial. Smith testified that she thought that the cattle guards were black but didn't pay attention to them.

David Stiver testified that the cattle guards were black and had been for many years. Stiver further testified that he had reworked or replaced all of the cattle guards at his expense over the years. Ola Stiver testified that the cattle guards were black but that they did not paint them that way. Ola testified that the cattle guards had never been painted blue again after the grand opening.

The trial court's findings of fact include a finding that the Stivers acquired the cattle guards, fences, and road material, including the wooden entranceway when the real property was conveyed to them by the Bakers. Once again, the trial court was

called upon to decide which position he found to be credible and he did so in favor of the Stivers. Our review of the record shows that because there was more than a scintilla of evidence to support the trial court's fact finding, the evidence was legally sufficient for the trial court's determination regarding the cattle guards, fences, and road material. Further, we cannot say that the evidence supporting the trial court's finding is so weak or so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Dow Chem.*, 46 S.W.3d at 242. We overrule issue two.

*Trespass*

In their third issue, Gaylor and Smith complain that the trial court erred by denying their claims for trespass for the destruction of the blue fence at the entrance to the easement. The Stivers contend that Gaylor and Smith's claims fail because the statute of limitations had expired prior to the filing of the claim. Gaylor and Smith argue that the limitations issue was waived by the Stivers because it was not plead. However, the Stivers' first amended answer did include a claim that the statute of limitations had run, therefore, that issue was not waived by the Stivers.

Trespass claims are governed by a two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2002); *see also Yalamanchili v. Mousa*, 316 S.W.3d 33, 37 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). The trial court's findings of fact include a finding that the blue fence was taken down in 2005 and there was legally and factually sufficient evidence to support that finding, including the

testimony of the Stivers, the testimony of the individual who removed and replaced the blue fence, and an invoice for the fence removal and repair dated in 2005. Gaylor and Smith's original petition in this matter was not filed until 2009. The trial court did not err by denying Gaylor and Smith's claims for trespass because they were barred by limitations.[1] We overrule issue three.

### *Declaratory Judgment*

Gaylor and Smith's fourth issue complains that the trial court erred in granting the Stivers' request for a declaratory judgment and denying their request because the trial court should have declared that an easement by estoppel was created and that Gaylor and Smith had the right to choose the color scheme of the easement. Gaylor and Smith provide no authorities or argument separate from issues one and two in support of this complaint. Because we have found that the trial court did not err in the first two issues, we overrule issue four.

### *Attorney's Fees*

In their fifth issue, Gaylor and Smith complain that the trial court abused its discretion by awarding attorney's fees to the Stivers but they provide no authority and virtually no argument to support their contention. As such, this issue is inadequately briefed, and is therefore waived. *See* TEX. R. APP. P. 38.1(i). We overrule issue five.

---

[1] Additionally, we determined in issue two that the trial court did not err by finding that Gaylor and Smith were not the owners of the fence, therefore Gaylor and Smith's trespass claims would fail on that basis as well. *See Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex. App.—Fort Worth 2006, pet. denied); *Jones v. Boswell*, 250 S.W.3d 140, 143 (Tex. App.—Eastland 2008, no pet.).

*Injunctive Relief*

Gaylor and Smith complain in their sixth issue that the trial court erred by denying their request for injunctive relief to prevent the Stivers from destroying the entrance to the easement, interfering with repairs to it, and from changing the color scheme of the easement. Because we have found in issue two that the trial court did not err by finding that Gaylor and Smith were not the owners of the fence, there was no error in the trial court's denial of the request for injunctive relief. We overrule issue six.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed May 1, 2014
[CV06]