**CONNOR et al. v. CONNOR.**

Nos. 12595, 12611.

Court of Civil Appeals of Texas. Dallas.

Jan. 22, 1938.

Rehearing Denied Feb. 19, 1938.

W. L. Eason, of Waco, for appellants.

Cedric G. Hamlin, of Dallas, for appellee.

LOONEY, Justice.

This appeal is from an interlocutory order granting a temporary injunction. The case arose as follows: On July 28, 1937, Frances McFarland Connor sued her husband, William M. Connor, for divorce, alleging the existence of a community estate and sought a division; she also required the defendant to file an inventory and appraisement of the estate, sought alimony during the pendency of the suit, and, as an ancillary remedy, sought and obtained the appointment of a receiver with authority to take charge of and manage the estate under orders of court. The receiver qualified, took possession of the property, and is now holding same, a portion of which consists of household furniture, furnishings, etc.

Subsequent to these proceedings (on August 6, 1937), Mrs. Alice Boyd Connor, joined by her husband B. M. Connor (mother and father of William M. Connor, defendant in the divorce suit), sued him in the county court of McLennan county, Tex., in an action of debt on two promissory notes for $100 each, and accumulated interest, payable to Alice Boyd Connor; also to foreclose chattel mortgage liens on household furniture and furnishings (part of the community estate of plaintiff and husband, then in the hands of the receiver), and Frances McFarland Connor was brought in as defendant, and foreclosure as to her and her rights in said property was sought.

In this situation, Frances McFarland Connor instituted the instant proceedings for injunctive relief under a separate docket number, but obviously it grew out of, and is ancillary to, the divorce suit and the issues there presented. In the application for injunction, she set up the facts just detailed, and, as grounds for equitable relief, alleged in substance: That on the hearing for alimony had on July 31, 1937, defendant appeared and filed an inventory and appraisement of the community estate, listing therein two groups of household furniture and furnishings, alleging that same were encumbered with chattel mortgage liens in favor of his mother, as security for the payment of two notes for $100 each; that on said hearing defendant's mother was present in court assisting her son, contending that the mortgage liens were valid, subsisting, and unsatisfied; and defendant also gave similar testimony. However, plaintiff alleged that nothing was due and owing on the notes, that same had been fully paid, and that the suit thereon, instituted in the county court of McLennan county by defendant's mother and father, was not in good faith; on the contrary, that its sole and only purpose was to assist their son (defendant in the divorce suit) in an effort to deprive plaintiff of a just and fair division of the community estate.

▪▪ The court issued a restraining order and, on hearing, granted a temporary injunction, from which this appeal was taken. The case is before us without a statement of facts; therefore, in determining whether or not the court abused its discretion in granting the temporary writ, we must look alone to the sworn allegations of plaintiff's petition. We think the petition shows that the district court of Dallas county acquired jurisdiction over the community estate; in fact, through its receiver, had actual possession, and, an issue being formed as to the existence of the alleged indebtedness, evidenced by the two notes upon which defendant's mother brought suit in McLennan county, we think the district court of Dallas county had jurisdiction to settle that issue, in that it became necessary in order to determine the interest of plaintiff in the community estate. She alleged that the indebtedness had no existence, that the suit was not instituted in good faith, but was an effort on the part of defendant's mother to render him assistance in depriving plaintiff of her just share of the community property.

We are compelled to accept these allegations as true, therefore are driven to the conclusion that the suit filed in the McLennan county court was not in good faith, but for the wrongful purpose of depriving plaintiff of a just and fair division of the community property of herself and husband, and that, if such attempt is successful, the result will be to render plaintiff's plea, urged in the divorce suit, for a fair and just division of property, futile and ineffectual.

In this situation, we think plaintiff was entitled to be relieved of the trouble and expense of having to defend the McLennan county suit, and that such relief requires the restraint of its further prosecution. In Lindley v. Easley, 59 S.W.2d 927, the Eastland Court of Civil Appeals announced the rule (with full citation of authorities) that article 4656, R.C.S., requiring injunctions granted to stay proceedings in a suit, etc., shall be returnable to and tried in the court where such suit is pending, is only applicable where the suit is purely for injunctive relief, and is not applicable where the injunctive relief is simply ancillary to the main purpose of a suit, as in the instant case.

▪▪ The district judge failed, on his own motion, to suspend the order granting the temporary writ of injunction pending the appeal, but, evidently believing that the order could be suspended by a supersedeas bond, fixed the amount thereof at $200, and directed that, "when filed and approved by the clerk, the order above set out shall be suspended pending the appeal." The bond was duly executed, approved, and filed by the clerk, hence appellants were at liberty to proceed with the prosecution of the suit pending in the county court of McLennan county. At this juncture, appellee filed in this court an application for an order restraining the prosecution of the suit, pending appeal from the order granting the temporary writ. We issued a restraining order and set the application for hearing at a named date, but later reset the hearing and took submission of the application along with submission of the main case.

Having failed to suspend the order granting the temporary writ, pending the appeal, we think the court erred in recognizing the right of appellants to suspend same by a supersedeas bond. We do not think article 2270, R.C.S., authorizing suspension of a judgment by the execution of

a supersedeas bond, has any application whatever to interlocutory orders mentioned in article 4662, R.C.S., such as the order under consideration. If, pending the appeal, such an order is not suspended by the judge granting same, relief from the situation may be had in the Court of Civil Appeals under article 1823, R.C.S., on showing that, unless the order is suspended, the subject-matter of the appeal likely will be destroyed or materially interfered with, thereby unlawfully invading the jurisdiction of the appellate court and preventing an effective operation of the judgment that may be rendered. However, as we affirm the judgment of the court below, holding that its discretion was not abused in granting the temporary writ, the question presented by the application for a restraining order became moot, hence the application is dismissed.

The judgment below is affirmed and the application for a restraining order is dismissed.