**Kandi M. HUBERT, Appellant,**

v.

**Tommy Dean DAVIS, Debra Davis, Robert Garner and Melba Garner, Appellees.**

**No. 12–03–00428–CV.**

Court of Appeals of Texas, Tyler.

June 30, 2005.

David M. Berman, for apellant.

Jeffrey C. Irion, Gun Barrel City, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

DIANE DeVASTO, Justice.

Kandi M. Hubert appeals the trial court's order granting summary judgment in favor of Tommy Dean Davis and Debra Davis (collectively "Davis"). Hubert raises three issues on appeal. We affirm.

### BACKGROUND

The instant case concerns a right of passage granted to lot owners in a residential community adjacent to Cedar Creek Lake in Henderson County, Texas. Cecil Bauguss filed the document in dispute on May 23, 1967. The pertinent sections of the document [1] are as follows:

> I[,] Cecil Bauguss[,] . . . do hereby impress all of the property in such subdivision with the following restriction[s], except Lot No. 9.
>
> 13. There is hereby granted unto all owners of lots in said subdivision the free use, liberty and privilege of passage in and along, over and across all of Lot

---

1. As set forth in greater detail below, not all of the paragraphs in the document are "restrictive covenants." Nonetheless, for ease of reference, the document will be referred to as the "restrictive covenants."

No. 9 Block No. 1 of said Subdivision with free ingress and egress to said owners with boats, boat trailers and other vehicles, and travel by foot, and the right to temporarily park thereon boats, boat trailers, and other vehicles incident to the use of such property as a boat landing.

. . . .

14. These restrictions and covenants are hereby declared to be covenants running with the land and shall be fully binding upon all persons acquiring property in said subdivision whether by descent, devise, purchase or otherwise, and any person by the acceptance of title to any lot of this subdivision shall thereby agree and covenant to abide by and fully perform the foregoing restrictions and covenants. These covenants are to run with the land and shall be binding for a period of 25 years from the date hereof; at the end of such period, said restrictions and covenants shall automatically be extended for a successive period of 10 years unless by a vote of three-fourths majority of the then owners of the lots in said subdivision (each lot having one vote), taken prior to the expiration of said 25-year period and filed of record in said County, it is agreed to amend or release the same.

On January 28, 2003, Hubert purchased Lot 9 from Robert and Melba Garner. One of Hubert's predecessors in interest erected a fence to prevent others from entering onto Lot 9. Davis and others breached the fence and entered upon Lot 9. Neither Hubert nor the Garners gave consent to Davis or others to use Lot 9 for any purpose. Davis continues to use the boat ramp on Lot 9.

Hubert brought the instant suit seeking a declaratory judgment that Hubert is the sole and exclusive owner of Lot 9, unencumbered by the expired restrictions.

Davis counterclaimed seeking a declaratory judgment recognizing an easement burdening Lot 9. On May 21, 2003, Davis filed a motion for summary judgment, to which Hubert responded. Hubert further filed a cross-motion for summary judgment. On August 27, 2003, the trial court granted Davis's motion for summary judgment and denied Hubert's cross-motion. Specifically, the court found that Lot 9 is burdened with the easement created by paragraph 13 of the restrictive covenants and that the easement is not subject to expiration through the same time limits set for the restrictions. This appeal followed.

### STANDARD OF REVIEW

In his first issue, Hubert argues that the trial court erred in granting summary judgment in Davis's favor because the restrictions do not grant or create a permanent easement. In reviewing a traditional motion for summary judgment, we must apply the standards established in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985), which are as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

See *id.*; *May v. Nacogdoches Mem'l Hosp.*, 61 S.W.3d 623, 628 (Tex.App.-Tyler 2001, no pet.). For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that

he is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). A movant must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See Randall's Food Markets, Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *see also MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986). Since the burden of proof is on the movant, and all doubts about the existence of a genuine issue of a material fact are resolved against the movant, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). We are not required to ascertain the credibility of affiants or to determine the weight of evidence in the affidavits, depositions, exhibits, and other summary judgment proof. *See Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 932 (1952). The only question is whether or not an issue of material fact is presented. *See* Tex.R. Civ. P. 166a(c).

Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *See, e.g., City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex.1979). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* Tex.R. Civ. P. 166a(c).

### CONSTRUCTION OF COVENANTS AND EASEMENTS

An easement confers upon one person the right to use the land of another for a specific purpose. *Lakeside Launches, Inc. v. Austin Yacht Club, Inc.,* 750 S.W.2d 868, 870 (Tex.App.-Austin 1988, writ denied). An easement has been further defined as a "liberty, privilege, or advantage in land without profit, existing distinct from the ownership of the soil." *Richter v. Hickman,* 243 S.W.2d 466, 468 (Tex.Civ.App.-Galveston 1951, no writ). As such, easements consist of the following characteristics pertinent to our discussion: (1) an easement is a burden on one estate, the servient estate, for the benefit of another, the dominant estate, *see Miller v. Babb,* 263 S.W. 253, 254 (Tex.Comm.App. 1924, judgm't adopted); (2) an easement may be created by express grant, but must be derived from the owner of the servient estate, *see Williams v. Kuykendall,* 151 S.W. 629, 629 (Tex.Civ.App.-Austin 1912, no writ); (3) an easement is a nonpossessory interest in land that is not revocable at will, *see Marcus Cable Assocs., L.P. v. Krohn,* 90 S.W.3d 697, 700 (Tex.2002); *Chicago, R.I. & G. Ry. Co. v. Johnson,* 156 S.W. 253, 256 (Tex.Civ.App.-Amarillo 1913, writ ref'd); and (4) an easement confers no right to participation in the profits arising from the servient estate. *See Magnolia Petroleum Co. v. Caswell,* 1 S.W.2d 597, 600 (Tex.Com.App.1928).

Since an easement is an interest in land, the grant of an easement should be drawn and executed with the same formalities as a deed to real estate. *See Compton v. Texas Southeastern Gas Co.,* 315 S.W.2d 345, 349 (Tex.Civ.App.-Houston 1958, writ ref'd n.r.e.). The description of an express easement must be definite and certain upon the face of the instrument itself or in some writing referred to in the instrument, such that a surveyor can go upon the land and locate the easement from the description. *See Vrabel v. Donahoe Creek Watershed Auth.,* 545 S.W.2d 53, 54 (Tex.Civ.App.-Austin 1976, no writ). The writing required by the statute of frauds, which identifies the servient estate of an easement, must contain the essential terms of a contract, expressed with such certainty

and clarity that it may be understood without recourse to parol evidence to show the intention of the parties. *See Pick v. Bartel,* 659 S.W.2d 636, 637 (Tex. 1983).

In spite of these formal requirements, the fact that an easement clause is vague, indefinite, or uncertain does not authorize the court to completely ignore the valuable right thereby granted if the clause is still susceptible of a reasonable construction as to its true intent and meaning. *See Seastrunk v. Walker,* 156 S.W.2d 996, 997 (Tex.Civ.App.-Waco 1941, writ ref'd w.o.m.); *see also Jones v. Fuller,* 856 S.W.2d 597, 602 (Tex.App.-Waco 1993, writ denied). Generally, any language that clearly shows an intention to grant an easement is sufficient for the purpose; no special form or particular words need be employed. *See Maples v. Erck,* 630 S.W.2d 488, 491 (Tex.App.-Corpus Christi 1982, writ ref'd n.r.e.).

We review the trial court's interpretation of restrictive covenants and easements de novo. *Air Park–Dallas Zoning Committee v. Crow–Billingsley Airpark, Ltd.,* 109 S.W.3d 900, 909 (Tex. App.-Dallas 2003, no pet.); *see also Nicol v. Gonzales,* 127 S.W.3d 390, 394 (Tex. App.-Dallas 2004, no pet.). The rules of contract construction govern the interpretation of restrictive covenants and easements. *Pilarcik v. Emmons,* 966 S.W.2d 474, 478 (Tex.1998); *Nicol,* 127 S.W.3d at 394. Whether restrictive covenants or easements are ambiguous is a question of law. *Id.* Courts must examine the covenants and easements as a whole in light of the circumstances present when the parties entered the agreement. *Id.* Like a contract, covenants and easements are unambiguous as a matter of law if they can be given a definite or certain legal meaning. *Id.* On the other hand, if the covenants or easements are susceptible to more than one reasonable interpretation, they are ambiguous. *Id.*

In the case at hand, the trial court in its declaratory judgment found that Lot 9 is burdened with an easement created by paragraph 13 of the restrictive covenants and that the easement is not subject to expiration through the same time limits set for the restrictions. Our review concerns whether paragraph 13 unambiguously created an easement as a matter of law as opposed to a restriction or covenant, which, by the terms of the document, was subject to expiration. Paragraph 13 states as follows:

13. There is hereby granted unto all owners of lots in said subdivision the free use, liberty and privilege of passage in and along, over and across all of Lot No. 9 Block No. 1 of said Subdivision with free ingress and egress to said owners with boats, boat trailers and other vehicles, and travel by foot, and the right to temporarily park thereon boats, boat trailers, and other vehicles incident to the use of such property as a boat landing.

By its plain language, paragraph 13 creates by express grant a burden on a servient estate, Lot 9, for the benefit of the dominant estates, all other lots in the subdivision. Paragraph 13 further grants a nonpossessory interest in Lot 9 and contains no indication that the grant is revocable at will. Moreover, paragraph 13 confers no right by which owners of the dominant estates may profit from the servient estate. It is significant that paragraph 13 states that the interest is "granted" to all owners of lots in the subdivision. The word "grant" is a word of present conveyance indicating complete alienation. *See Sisk v. Randon,* 33 S.W.2d 1082, 1085 (Tex.Civ.App.-Galveston 1930), *aff'd,* 123 Tex. 326, 70 S.W.2d 689 (Tex.Com.App.

1934). From the language of paragraph 13, it is reasonable to conclude that Bauguss intended to then and there grant to all other lot owners in the subdivision the free use and right of passage in and along, over and across Lot 9 with free ingress and egress for specific purposes. *See Lakeside Launches, Inc.*, 750 S.W.2d at 870. Therefore, we hold that the trial court reasonably interpreted the unambiguous language employed in paragraph 13 as creating an easement.

Hubert argues that paragraph 13 grants a privilege rather than a right. A privilege, according to Hubert, is a term of limitation. Although Hubert cites no authority for the proposition that the word "privilege" was intended to limit the express grant in paragraph 13, we note that a "privilege" is defined as a "peculiar *right.*" *See* BLACK'S LAW DICTIONARY 1197 (6th ed.1990) (emphasis added). Moreover, an easement is defined as a "liberty, *privilege,* or advantage in land without profit, existing distinct from the ownership of the soil." *Richter,* 243 S.W.2d at 468 (emphasis added). The term "privilege," without more, does not limit the grant in paragraph 13.

Hubert further argues that paragraph 13 makes no use of the word "easement." However, as we have noted previously, any language that clearly shows an intention to grant an easement is sufficient for the purpose; no special form or particular words need be employed. *See Maples,* 630 S.W.2d at 491. Even though paragraph 10 of the restrictive covenants agreement made specific use of the word "easement" in reserving land for use by utilities, it does not necessarily follow that identical language must be used to create another easement. *Id.*

▇ Yet, while not revocable at will, easements do not necessarily run in perpetuity. A determinable easement may be created that will terminate on the happening of a particular event. *See Sentell v. Williamson County,* 801 S.W.2d 220, 222 (Tex.App.-Austin 1990, no writ). Thus, we must determine whether Bauguss intended that the terms set forth in paragraph 14 apply to the easement created by paragraph 13. Paragraph 14 states as follows:

14. These restrictions and covenants are hereby declared to be covenants running with the land and shall be fully binding upon all persons acquiring property in said subdivision whether by descent, devise, purchase or otherwise, and any person by the acceptance of title to any lot of this subdivision shall thereby agree and covenant to abide by and fully perform the foregoing restrictions and covenants. These covenants are to run with the land and shall be binding for a period of 25 years from the date hereof; at the end of such period, said restrictions and covenants shall automatically be extended for a successive period of 10 years unless by a vote of three-fourths majority of the then owners of the lots in said subdivision (each lot having one vote), taken prior to the expiration of said 25–year period and filed of record in said County, it is agreed to amend or release the same.

From the language used in paragraph 14, the trial court could reasonably find that the time limitations applied only to the restrictions and covenants contained in the document. We cannot conclude that paragraph 14, when read in conjunction with the remainder of the document, is ambiguous. A "restriction" is a limitation, respecting the use to which property may be put. *See* BLACK'S LAW DICTIONARY 1315 (6th ed.1990); *see also Interstate Circuit, Inc. v. Pine Forest Country Club,* 409 S.W.2d 922, 925 (Tex.Civ.App.-Houston 1967, writ ref'd n.r.e.) (a land owner may convey a portion of the land and, by appropriate covenant or agreement, may lawful-

ly restrict the use of the part conveyed for the benefit of the remaining portion). On the other hand, a "covenant" is an agreement of one of the parties to a contract to act or forbear to act in a certain specified way. *See Reinert v. Lawson*, 113 S.W.2d 293, 295 (Tex.Civ.App.-Waco 1938, no writ). As set forth above, the language used in paragraph 13 can reasonably be interpreted to grant an easement in Lot 9. Therefore, it reasonably follows that since the grant in paragraph 13 is an easement and the time restrictions in paragraph 14 apply only to restrictions and covenants, the time restrictions in paragraph 14 are inapplicable to the easement granted by paragraph 13.

In summation, considering the evidence in the light most favorable to Hubert, we conclude that the document at issue is not ambiguous. Moreover, there were no issues of material fact in the summary judgment record. We hold that the trial court reasonably concluded, as a matter of law, that Lot 9 is burdened with an easement created by paragraph 13 of the restrictive covenants and that the easement is not subject to expiration through the same time limits set forth in paragraph 14. Hubert's first issue is overruled.[2]

## DISPOSITION

Having overruled Hubert's first issue, we *affirm* the trial court's judgment.

---

2. As we have determined that the trial court reasonably interpreted paragraph 13 as creating an easement, we need not reach Hubert's second and third issues, both of which are dependent on the resolution of Hubert's first issue. Hubert's second issue concerns the trial court's failure to adjudicate his trespass claims. Hubert's third issue concerns the trial court's award of attorney's fees to Davis based on Hubert's claim that he should have prevailed on his motion for summary judgment. We note that, in its judgment, the trial court did deny all other relief requested by every other party.