# NO. 12-12-00293-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *REBECCA R. HORNER, AS TRUSTEE OF THE REBECCA R. HORNER REVOCABLE LIVING TRUST, APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *JOE WELTON HEATHER AND GEORGIE LEE HEATHER, AS TRUSTEES OF THE HEATHER REVOCABLE TRUST, APPELLEES* | § | *HENDERSON COUNTY, TEXAS* |

## *OPINION*

Rebecca R. Horner, as Trustee of the Rebecca R. Horner Revocable Living Trust (Horner) appeals a judgment awarding an easement by estoppel to Joe Welton Heather and Georgie Lee Heather, as Trustees of the Heather Revocable Trust (the Heathers). In two issues, Horner contends that the evidence is "legally and/or factually insufficient" to support the judgment of an easement by estoppel, and that the trial court erred in denying her request for additional findings of fact and conclusions of law. We reverse and render.

## BACKGROUND

In 1945, Joe Welton Heather's father purchased 256 acres of land in Henderson County, Texas, and began raising cattle.[1] In 1951, Joe Reid, Horner's father, purchased the property north of the Heathers' tract. At the time of Reid's purchase, a quarter mile dirt roadway began at the entrance to Reid's property on Farm-to-Market Road 4072, went through his property, and

---

[1] Joe Welton Heather's father was also named Joe Heather. Therefore, we will refer to him as "Heather's father" throughout this opinion.

ended at the Heathers' tract. Joe Welton Heather (Heather) testified that Reid told Heather's father he could go down the road anytime he wanted to, and that Reid did not have any objections to his going down the road as long as he shut the gates. Horner testified that Reid told her he let Heather's father "go down there but he doesn't bother anything." However, she noted that her father also said "but if he ever does[,] I'll re-route him."

Eventually, Horner and the Heathers inherited their respective tracts of land. After Horner inherited her property, Heather approached her and asked if she would give him an easement over the roadway at issue. When Horner declined, the Heathers filed suit against Horner, stating that a right to use the roadway existed, that the representation was communicated to the Heathers and their predecessors in title, and that the Heathers and their predecessors in title believed and relied on that representation. After a bench trial, the trial court entered a judgment awarding an easement by estoppel to the Heathers. Horner timely appealed.

## EASEMENT BY ESTOPPEL

In her first issue, Horner contends that the evidence is "legally and/or factually insufficient" to support the judgment of an estoppel by easement.

### Standard of Review

In an appeal from a bench trial, the trial court's findings have the same force and dignity as a jury's verdict upon questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). A trial court's findings may be reviewed for legal and factual sufficiency under the same standards that are applied in reviewing evidence to support a jury's answers. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). When the appellate record contains a reporter's record, as it does in this case, findings of fact are not conclusive and are binding only if supported by the evidence. *Fulgham v. Fischer*, 349 S.W.3d 153, 157 (Tex. App.—Dallas 2011, no pet.). We review the trial court's conclusions of law de novo. *Material P'ships, Inc. v. Ventura*, 102 S.W.3d 252, 257 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). The standard of review for conclusions of law is whether they are correct. *Id*. We will uphold conclusions of law on appeal if the judgment can be sustained on any legal theory the evidence supports. *Id*.

A party who challenges the legal sufficiency of the evidence to support an issue on which it did not have the burden of proof at trial must demonstrate on appeal that there is no evidence

2

to support the adverse finding. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). When considering a legal sufficiency challenge after a bench trial, we view the evidence in the light most favorable to the trial court's findings, "credit[ing] favorable evidence if reasonable [fact finders] could, and disregard[ing] contrary evidence unless reasonable [fact finders] could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We must indulge every reasonable inference that would support the trial court's findings. *Id*. at 822. "The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the decision under review." *See id*. at 827.

When considering the factual sufficiency of the evidence to support an adverse finding on which, as in this case, the appellants did not have the burden of proof, we examine all of the evidence and "set aside the [finding] only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam). When reviewing factual sufficiency issues arising from a bench trial, we remain mindful that the trial court, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Canal Ins. Co. v. Hopkins*, 238 S.W.3d 549, 557 (Tex. App.—Tyler 2007, pet. denied).

**Applicable Law**

An easement confers upon one person the valuable right to use the land of another for a specific purpose. *Hubert v. Davis*, 170 S.W.3d 706, 710 (Tex. App.—Tyler 2005, no pet.). Since an easement is an interest in land, the grant of an easement should be drawn and executed with the same formalities as a deed to real estate. *Id*. The doctrine of equitable estoppel, or easement by estoppel, provides an exception to prevent injustice and protect innocent parties from fraud. *Allen v. Allen*, 280 S.W.3d 366, 381 (Tex. App.—Amarillo 2008, pet. denied).

"The doctrine of easement by estoppel holds that the owner of the alleged servient estate may be estopped to deny the existence of an easement by making representations that have been acted upon by the holder of the alleged dominant estate." *Ingham v. O'Block*, 351 S.W.3d 96, 100 (Tex. App.—San Antonio 2011, pet. denied) (quoting *Holden v. Weidenfeller*, 929 S.W.2d 124, 131 (Tex. App.—San Antonio 1996, writ denied)). Three elements are necessary to the creation of an easement by estoppel: (1) a representation communicated, either by word or action, to the promisee; (2) the communication was believed; and (3) the promisee relied on the communication. *Id*.

The essence of the doctrine of easement by estoppel is that the owner of a servient estate may be estopped to deny the existence of an easement by making representations that are acted on by the owner of the dominant estate. *Allen*, 280 S.W.3d at 381 (citing *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 209 (Tex. 1962)). The gravity of a judicial means of acquiring an interest in land of another solely by parol evidence requires that equitable estoppel be strictly applied. *Martin v. Cockrell*, 335 S.W.3d 229, 237 (Tex. App.—Amarillo 2010, no pet.). The estoppel should be certain, precise, and clear. *Id*.

## Analysis

Horner contends that the Heathers failed to prove any of the three elements required to establish an easement by estoppel. The Heathers contend that they, and Heather's father, acquired an easement over Horner's tract because they used the claimed easement for more than sixty-five years, that this use continued, unabated and without objections, to the present time, and that Joe Reid and his successors in interest, including Horner, acquiescesced in that use. We agree with Horner.

Regarding the first element of an easement by estoppel, the evidence shows that there was no representation by Horner or her father to the Heathers or their predecessors in interest. Heather's testimony shows only that Reid did not have any objections to Heather's father going down the road as long as he shut the gates. Further, Horner's testimony shows that her father made no representation, by word or action, that would have created an easement by estoppel. In fact, she noted that her father said if Heather's father bothered anything while using the roadway, he would "re-route him." Thus, the Heathers failed to establish the first element of an easement by estoppel.

Regarding the second element, the Heathers admitted in a response to Horner's request for admissions "that Plaintiffs['] and their predecessors in interest['s] use of the claimed easement was a permissive use only." At trial, Heather testified that their permission to use the roadway over Horner's tract was permissive, and that they did not own an interest in the roadway. He stated that he was not trying to take Horner's land away from her. Further, he believed that if Horner or her predecessors told him that he could not use the roadway, he would not have a right to use it. Heather's belief is supported by the fact that the evidence showed he asked Horner several times to grant him an easement over the dirt roadway. When she refused, the Heathers eventually filed this suit. From this evidence, we conclude that the Heathers did not

4

believe any alleged representation of an easement in the roadway from Horner or her predecessors in interest. Thus, the Heathers failed to establish the second element of an easement by estoppel.

Finally, the Heathers failed to show the third element of an easement by estoppel— detrimental reliance on any representation of an easement in the roadway by Horner or her predecessors in interest.  Heather testified that when he built a barn on his property in 2000, he did not rely on any representation made by Horner nor did he discuss it with her.  Further, he testified that he did not know if his father relied on anything Joe Reid told him when his father built a barn on the property in 1955.  Additionally, Heather testified that he had not made any improvements on the surface of the claimed easement. From this evidence, we conclude that the Heathers did not rely to their detriment on any alleged representation of an easement in the roadway by Horner or her predecessors in interest. Thus, the Heathers failed to establish the third element of an easement by estoppel.

We conclude that the Heathers have not established any of the three elements required to constitute an easement by estoppel. *See Ingham*, 351 S.W.3d at 100. However, the Heathers contend that an easement by estoppel was created by the permissive and acquiescing behavior, and then silence, of Horner and her predecessors in interest by allowing use of the dirt roadway since 1945. To support this argument, they rely on *Wallace v. McKinzie*, 869 S.W.2d 592 (Tex. App.—Amarillo 1993, writ denied). The Heathers' reliance on *McKinzie* is misplaced. In *McKinzie*, the easement by estoppel claimant acted on his belief that an easement had been created by executing and filing an affidavit in the deed records of Kent County, Texas, claiming an easement over the road at issue before suit was filed.  *Id*. at 594.  In this case, neither the Heathers nor Heather's father took any action indicating that they believed they owned an easement in the roadway over Horner's tract.  To the contrary, the Heathers admitted that their use of the roadway was by permission only.

The Heathers also contend that their position is supported by our opinion in *Thompson v. Houk*, No. 12-04-00315-CV, 2005 WL 2035831 (Tex. App.—Tyler Aug. 24, 2005, no pet.) (mem. op.).  The *Houk* case involved 2.32 acres located on a peninsula that was surrounded on three sides by Cedar Creek Lake and connected to land only by the Thompson tract. *Id*., at *1. The Houks moved a mobile home onto the 2.32 acre tract in 1992 and began using it as their homestead. *Id*.  Further, they improved the access road over Thompson's land that led to their

5

property. *Id*. Thompson, through her representative and agent, acquiesced in these material improvements on both the access road and the Houk tract. *Id*., at *2. Thus, we held that the Houks established all three elements of an easement by estoppel. *Id*.

As we have discussed above, the Heathers failed to establish any of the elements of an easement by estoppel. Consequently, we conclude that the *McKinzie* and *Houk* cases are distinguishable from this case.

There is no evidence to support the trial court's finding of an easement by estoppel. Therefore, the evidence is legally insufficient to support the trial court's judgment in granting an easement by estoppel to the Heathers. Accordingly, we sustain Horner's first issue. Because Horner's legal sufficiency argument is dispositive of this appeal, we do not address her factual sufficiency argument or her second issue regarding the trial court's denial of her request for additional findings of facts and conclusions of law. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having sustained Horner's first issue, we *reverse* the judgment of the trial court and *render* judgment that the Heathers take nothing.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 20, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

6



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 20, 2013**

## NO. 12-12-00293-CV

**REBECCA R. HORNER, AS TRUSTEE OF THE**
**REBECCA R. HORNER REVOCABLE LIVING TRUST,**
Appellant
V.
**JOE WELTON HEATHER AND GEORGIE LEE HEATHER**
**AS TRUSTEES OF THE HEATHER REVOCABLE TRUST,**
Appellees

Appeal from the 3rd Judicial District Court
of Henderson County, Texas. (Tr.Ct.No. 2011C-0430)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and judgment **rendered** that appellees, **JOE WELTON HEATHER AND GEORGIE LEE HEATHER, AS TRUSTEES OF THE HEATHER REVOCABLE TRUST**, take nothing, and that all costs of this appeal are hereby adjudged against the appellees, **JOE WELTON HEATHER AND GEORGIE LEE HEATHER, AS TRUSTEES OF THE HEATHER REVOCABLE TRUST**, in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*