

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00394-CV

_____

**FRANK RAMSEY, RAMSAY RAMSEY, RANDAL RAMSEY D/B/A SUMMIT PROPERTIES & MANAGEMENT COMPANY,**

                                                                                    **Appellants**

 **v.**

**CRAIG CHAMPION,**

                                                                                    **Appellee**

_____

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 11-000044-CV-85

_____

## MEMORANDUM OPINION

_____

Frank Ramsey, Ramsay Ramsey, Randal Ramsey, individually and d/b/a Summit Properties and Management Company appeal from a judgment declaring that an easement by estoppel was created on a private road in favor of Craig Champion. The Ramseys complain that the evidence was legally and factually insufficient to support the trial court's finding of an easement by estoppel; that the trial court erred in its fact finding that Justin Lane, the private road in question is a public roadway; that the

Ramseys are entitled to attorney's fees; and the trial court erred in awarding court costs to Champion. Because we find that the trial court's judgment was erroneous, we reverse the judgment of the trial court and render judgment that Champion's claim for an easement by estoppel is denied. We reverse the judgment of the trial court regarding attorney's fees and court costs and remand this proceeding to the trial court for further proceedings.

*Easement by Estoppel*

The Ramseys complain in their first issue that the evidence was legally and factually insufficient to support the trial court's findings that an easement by estoppel should be granted. Champion argues that the trial court's findings were proper because he relied on representations from the Ramseys through letters sent to him regarding maintenance of the road and otherwise their silence regarding the use of the road was sufficient to establish a representation.

*Standard of Review*

Findings of fact entered in a case tried to the court have the same force and dignity as a jury verdict. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). We thus review findings of fact by the same standards that are applied in reviewing the legal and factual sufficiency of the evidence supporting a jury's answer to a jury question. *Id*.

A party challenging the legal sufficiency of the evidence to support an issue on which it did not have the burden of proof at trial must demonstrate on appeal that there is no evidence to support the adverse finding. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). When considering a legal sufficiency challenge after a bench trial, we view the evidence in the light most favorable to the trial court's findings, "credit[ing] favorable evidence if reasonable [fact finders] could, and disregard[ing] contrary evidence unless reasonable [fact finders] could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We must indulge every reasonable inference that would support the trial court's findings. *Id.* at 822. "The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the decision under review." *See id*. at 827.

When considering the factual sufficiency of the evidence to support an adverse finding on which the party challenging the judgment did not have the burden of proof, we examine all of the evidence and "set aside the [finding] only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam). Under either standard of review, the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986); *see also City of Keller*, 168 S.W.3d at 819.

An easement confers upon one person the valuable right to use the land of another for a specific purpose. *Hubert v. Davis*, 170 S.W.3d 706, 710 (Tex. App.—Tyler 2005, no pet.). Since an easement is an interest in land, the grant of an easement should be drawn and executed with the same formalities as a deed to real estate. *Id*. The doctrine of equitable estoppel, or easement by estoppel, provides an exception to prevent injustice and protect innocent parties from fraud. *Allen v. Allen*, 280 S.W.3d 366, 381 (Tex. App.—Amarillo 2008, pet. denied).

"The doctrine of easement by estoppel holds that the owner of the alleged servient estate may be estopped to deny the existence of an easement by making representations that have been acted upon by the holder of the alleged dominant estate." *Ingham v. O'Block*, 351 S.W.3d 96, 100 (Tex. App.—San Antonio 2011, pet. denied) (*quoting Holden v. Weidenfeller*, 929 S.W.2d 124, 131 (Tex. App.—San Antonio 1996, writ denied)). Three elements are necessary to the creation of an easement by estoppel: (1) a representation communicated, either by word or action, to the promisee; (2) the communication was believed; and (3) the promisee relied on the communication. *Id*. "These elements apply at the time the communication creating the alleged easement is made." *Holden v. Weidenfeller*, 929 S.W.2d 124, 131 (Tex. App.—San Antonio 1996, writ denied) (*citing Storms v. Tuck*, 579 S.W.2d 447, 452 (Tex. 1979)).

The essence of the doctrine of easement by estoppel is that the owner of a servient estate may be estopped to deny the existence of an easement by making

representations that are acted on by the owner of the dominant estate. *Allen*, 280 S.W.3d at 381 (*citing Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 209 (Tex. 1962)). The gravity of a judicial means of acquiring an interest in land of another solely by parol evidence requires that equitable estoppel be strictly applied. *Martin v. Cockrell*, 335 S.W.3d 229, 237 (Tex. App.—Amarillo 2010, no pet.). The estoppel should be certain, precise, and clear. *Id.*

*Facts*

Frank Ramsey purchased a tract of land on Leonard Road in Brazos County, Texas in 1989. On that tract Ramsey constructed some apartments and a private road named Justin Lane was built along one edge of the tract. Other houses were built on lots adjoining Ramsey's tract and in 1993 an express right-of-way easement was created giving those properties the right to use Justin Lane for ingress and egress. The easements were recorded in the deed records for Brazos County. The written easement did not include access to the property in question in this litigation.

In 1999, Champion purchased a four acre tract along Leonard Road that had a common border with Justin Lane and Ramsey's land. That tract had a house located on it that faced Leonard Road. Champion tore down a fence that separated the properties and built one house in 1999, a second in 2000, and a third house in 2001. Each of the houses constructed by Champion had driveways that only led to Justin Lane. The houses that Champion built were given Justin Lane addresses. In 2001, Champion

purchased a .32 acre tract of land at the corner of Justin Lane and Leonard Road that was surrounded by Champion's four acre tract. The .32-acre tract had a house built on it that fronted Justin Lane and also had a Justin Lane address. Champion also built a final house that fronted Justin Lane in 2005.

Champion testified that he could have built the houses on his property with a driveway off of Leonard Road. Champion stated that he did not investigate the ownership of Justin Lane beyond calling a woman that he said many people told him to call to ask about ownership. Champion admitted that he made a mistake when he assumed that he had the right to use Justin Lane and that the Ramseys never told him that he had permission to use the road.

The Ramseys' attorney sent Champion a letter shortly after construction of three of the houses that notified Champion that he was using Justin Lane without authorization. The letter also informed Champion that he needed to contact the attorney to enter into an access agreement and agreement regarding the maintenance costs of the road before he would be allowed to access Justin Lane. Prior to this time, Champion had been filling potholes in the road with concrete but stopped because of the letter and made no other repairs to the road. Several letters were sent to Champion in the years leading up to this litigation and Champion testified that he repeatedly attempted to reach an agreement with the Ramseys' attorney with no success.

Years later, surveyors were sent to the property to determine the property line and Champion was informed that the Ramseys were going to build a fence on the property line, which would cut across the driveways to the residences fronting Justin Lane. In January of 2011, Champion filed this litigation seeking an injunction to prevent the construction of the fence and a declaratory judgment action to determine whether or not an easement existed for the use of Justin Lane by his tenants. After a bench trial, the trial court rendered a declaratory judgment that Champion owned an easement by estoppel to Justin Lane, ordered that each party pay their attorney's fees, and awarded court costs to Champion.

Champion argues that the Ramseys' failure to inform him prior to construction of part of the residences that he did not have permission to use Justin Lane and their communications regarding maintenance of the road should constitute a representation that an easement existed that he relied on to his detriment. However, the evidence was undisputed that the first house and at least the second house on the four acre tract were built prior to any communications or actions by the Ramseys regarding permission or the lack thereof to use Justin Lane for purposes of ingress and egress to those residences.

The trial court's findings of fact include findings that:

Plaintiff purchased property along Justin Lane in 1999. On a portion of such property was a house with a physical address of 5670 Justin Lane. The house faces Justin Lane, was accessed by a driveway from Justin Lane and it had an address for delivery of mail on Justin Lane, such address

being 5670 Justin Lane, Bryan, Texas. Plaintiff believed that he had a thirty (30) foot wide easement known to him as "Justin Lane" running along the northeast boundary of Plaintiff's property beginning at Leonard Road and continuing to the concrete drive into a residence commonly known as "5456 Justin Lane" built and owned by Plaintiff.

Relying on these facts, Plaintiff built four rent houses on the property with carports and driveways with each structure being accessed from Justin Lane and all structures with Justin Lane addresses. Plaintiff also relied on the easement for the access of the four structures he built along Justin Lane. Plaintiff had conversations with Defendants about maintenance of the road. Defendants were aware of Plaintiff's use of Justin Lane and were aware that Plaintiff was constructing rent properties, being 5450 Justin Lane, 5452 Justin Lane, 5454 Justin Lane and 5456 Justin Lane. Defendants made no objections to his use of Justin Lane to access the structures being constructed by Plaintiff and he relied on such communications about maintenance and lack of action, i.e. objecting to the construction of four rent properties that had concrete driveways and carports accessed by Justin Lane.

The evidence before the trial court conclusively establishes that Champion did not purchase the property with the house at 5670 Justin Lane, the .32 acre tract, until the year 2001. That portion of the trial court's findings of fact that Champion's ownership of 5670 Justin Lane served as the basis for his belief that he had an easement on Justin Lane and that he relied on his ownership of 5670 Justin Lane to build the four rent houses is legally insufficient. At the time Champion constructed two or possibly three of the houses, Champion did not own property starting from Leonard Road adjacent to Justin Lane.

We must therefore determine whether the remaining portions of the trial court's fact findings regarding the Ramseys' awareness that Champion was building residences

that were accessed only from Justin Lane, the parties' conversations regarding maintenance of the road, and lack of objection by the Ramseys are legally and factually sufficient to support the trial court's judgment creating an easement by estoppel. We find that they are not. This is because the evidence must show that the elements of easement by estoppel were present at the time the alleged representation giving rise to the easement were made, which would have been prior to the construction of the first house. *See McAshan v. River Oaks Country Club*, 646 SW.2d 516, 519-20 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.).

Champion also argues that the silence of the Ramseys can be a form of misrepresentation. This situation can arise where a person is under a duty to speak to another but does not do so, causing the other to act in reliance on a mistaken understanding of the facts. *Storms v. Tuck*, 579 S.W.2d 447, 452 (Tex. 1979). Champion contends that the Ramseys had a duty to speak up about Champion's lack of an easement or permission to use Justin Lane when they saw him make substantial and costly improvements by building the houses on his land over the span of three years. However, there is no duty to speak if the other party has equal access to the facts, that being the ownership of Justin Lane and the express easements that had been granted to other tracts but not including his property. *Id*. at 452.

To invoke the doctrine of equitable estoppel, the innocent party must be without knowledge or the means of acquiring it of facts alleged to be misrepresented by the

defendant. *Barfield v. Howard M. Smith Co.*, 426 S.W.2d 834, 838 (Tex. 1968). A party claiming an estoppel must have used due diligence to ascertain the truth of the matters upon which he relies in acting to his detriment. *Barfield*, 426 S.W.2d at 838; *Champlin Oil & Refining Co. v. Chastain*, 403 S.W.2d 376 (Tex. 1965).

Champion admitted that he did not find out whether or not he had permission to use Justin Lane prior to constructing the house, and did not attempt to find out beyond calling a person who might have knowledge about the area. Champion testified that he did not research title to Justin Lane through the deed records, although he did have the ability to do so.

Further, the evidence showed that the Ramseys notified Champion that he did not have permission to use the road without entering into an agreement with them in writing shortly after the construction of the third house, and Champion continued by building a fourth house leading onto Justin Lane when he did know that he did not have the consent of the Ramseys to use Justin Lane.

We find that the trial court's fact findings that led to its declaration creating an easement by estoppel were legally insufficient because Champion did not establish a representation by the Ramseys that he relied on to his detriment or that the Ramseys had a duty to speak. We sustain issue one.

*Public Road*

In its second issue, the Ramseys complain that the evidence was legally and factually insufficient to support the trial court's finding that Justin Lane is a public road. The trial court's first finding of fact states that the property involved in this litigation is along Justin Lane, "a public roadway." Champion did not reply to this issue in his brief. We agree with the Ramseys. There was no evidence or arguments presented to the trial court regarding the public nature of Justin Lane. We agree that the evidence was legally insufficient and that the finding of fact should have been that Justin Lane is a private roadway. We sustain issue two.

*Attorney's Fees*

In their third issue, the Ramseys argue that the trial court erred by refusing to award attorney's fees to them in this matter. This claim is in the nature of a declaratory judgment action, for which attorney's fees may be recoverable. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008). Certainly, in the exercise of its discretion in a declaratory judgment action, the trial court may award attorney's fees to the prevailing party, may decline to award attorney's fees to either party, or may award attorney's fees to the nonprevailing party, regardless of which party sought declaratory relief. *Brookshire Katy Drainage Dist. v. Lily Gardens, LLC*, 333 S.W.3d 301, 313 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). However, because we have found that the trial court erred by its declaratory judgment creating an easement by estoppel, we reverse

the judgment regarding attorney's fees and remand this proceeding to the trial court for the trial court to reconsider in light of our decision. We sustain issue three.

*Court Costs*

In their fourth issue, the Ramseys complain that the trial court erred by awarding court costs to Champion because the judgment was erroneous. Because the trial court's judgment was erroneous, we reverse the award of court costs to Champion and remand to the trial court for its consideration in light of our decision in this appeal. We sustain issue four.

*Conclusion*

Having found that the evidence was legally insufficient to support the trial court's judgment, we reverse the judgment of the trial court and render judgment that Champion's request for a declaratory judgment is denied. We reverse the judgment of the trial court that denied the claims for attorney's fees and awarded court costs and remand this portion of the proceeding to the trial court for further proceedings.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Reversed and rendered in part; Reversed and remanded in part
Opinion delivered and filed May 8, 2014
[CV06]